## Case No. 8,899.

### McLOON v. LINQUIST et al.

#### [2 Ben. 9.] [1]

District Court, S. D. New York.   Nov., 1867.[2]

EQUITABLE ASSIGNMENT—GARNISHEE—SHIPPING—ADVANCES ON BILL OF LADING—RIGHT TO REIMBURSE.

1. It is the law of the courts of the United States, that, where an order is drawn either on a general or a particular fund, it does not amount to an assignment of that part, or give

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

2 [Affirmed by the circuit court. Case unreported.]

a lien as against the drawee, unless he consents to the appropriation, by an acceptance of the draft, or an obligation to accept may be fairly implied.

2. Where a firm had chartered a vessel for a voyage to New Orleans, and obtained advances on the bills of lading of her cargo from T., who took them under an agreement that the cargo should be sold in New Orleans by D., and the whole proceeds remitted to T., who was to take his advances out of it and pay the rest over to the firm, and the firm, being indebted to other parties, gave them a draft on D., "payable out of proceeds of consignment" by the vessel, which draft was not accepted, but D. gave T. notice of its presentation; and where, in a suit by the owners of the vessel, to recover the charter money, an attachment was served on T., who afterwards received the proceeds of the cargo from D., and, claimed the right to reimburse himself therefrom for his advances, and for the amount of the draft, which he had paid after receiving such proceeds, taking a bond of indemnity: *Held*, that the proceeds which came into T.'s hands were unincumbered by any appropriation or assignment which could bind him or them, and the surplus above his advances became subject to the attachment, and must be paid to the libellants, with costs.

The libel in this case was filed by the libellants [William McLoon and William Grant], as sole owners of the bark Caroline, to recover the sum of $3,368.39, with interest from July 26th, 1864, being the balance due on a charter party, whereby the libellant Grant, as master and part owner of the bark and agent for the libellants, chartered her to the respondents [Maurice F. Linquist and others] for a voyage from New York to New Orleans. On the filing of the libel, process in personam was issued, with a clause of foreign attachment commanding the marshal to attach the credits and the effects of the respondents, to the amount sued for, in the hands of Thomas Thacher, of the city of New York. To this process the marshal returned that the respondents were not found, and that he had attached funds in the hands of Thacher. On the return of such process, no person appearing, the default of the garnishee was entered, and it was referred to a commissioner to compute the amount due to the libellants. The report of the commissioner found the amount due to be $3,368.39, with interest from July 15th, 1864. Subsequently the garnishee, Thacher, appeared and answered the libel. His answer set up, that he held in his hands $88.67 belonging to the respondents, and that he did not hold any larger sum when the process was served or afterwards, and that he was ready to pay that sum. In answer to the written interrogatories propounded to him, Thacher testified, that, on the 1st of June, 1864, he received from the respondents a cargo of merchandise, and made advances to them thereon, and paid out charges thereon for them, under an agreement with them, that he should consign said cargo to New Orleans and dispose of it and reimburse himself out of the proceeds for such advances and charges, and pay over the balance, if any, to the respondents; that he consigned the

cargo to New Orleans and it was sold, and he received the proceeds; and that, after deducting the amount of his advances and cash paid out for the respondents, and the amount of a draft for about $1,200 drawn on those moneys and payable out of them to the order of Husted & Brownson, he had in his possession $88.67 belonging to the respondents.

The controversy in the case was about a sum of $1,259.49, which Thacher paid. in June, 1865, at New York, out of the proceeds of the consignment. The charter party was made May 20th, 1864. Thacher, at the request of the respondents, who composed the firm of Linquist, Norton & Co., advanced to them, in June, 1864, $5,561.43, on shipments of goods by them to New Orleans by the bark. The advances were made on the bills of lading and invoices of the goods, which were sent by Thacher, at the request of the respondents, to F. D. Darling of New Orleans, under an arrangement that Darling should sell the goods and remit the whole proceeds to Thacher at New York, and that, out of them, Thacher should reimburse himself and hold the surplus for the respondents. In May, 1864, Husted & Brownson sold to the respondents a quantity of barley malt, some $2,000 worth, on which they paid about $800. This malt was part of the cargo of the bark so consigned to Darling. Being pressed for payment, the respondents told Husted & Brownson they could not pay till they got a return from the consignment, but they would give as security a draft on Darling. Accordingly they gave to Husted & Brownson a draft on Darling, drawn by Linquist, Norton & Co., dated June 14th, 1864, for $1,182.90, payable at sight, to the order of Husted & Brownson, payable "out of proceeds of consignment per bark Caroline, with current rate of exchange on New York." This draft was sent by Husted & Brownson to New Orleans for collection, and was not paid, but was returned with the message that it could not be paid because the balance due on the consignment was not ascertained. Thacher was advised by Darling, in July, 1864, of the existence and presentation of this draft, and was told at the time by Darling, that he had not paid the draft because he was not authorized by Thacher to do so. The attachment in this suit was served on Thacher, September 6th, 1864. Thacher did not receive from Darling funds enough to reimburse his advances till after the service of the attachment. The draft was not accepted or paid by Darling, nor did Thacher, put his name on it. Thacher paid the $1,259.49, in June, 1865, as a payment of the draft, taking a bond of indemnity.

Joseph H. Choate, for libellants.
Geo. R. Thompson, for Thacher.

BLATCHFORD. District Judge. It is claimed, on the part of Thacher, that the giving of the draft by the respondents to Husted & Brownson, coupled with the presentation of the draft to Darling and the knowledge of its existence communicated to Thacher by Darling, operated as an equitable assignment to the holder of the draft of an amount of the proceeds of the consignment equal to the amount specified in the draft, and cuts off the claim of the libellants, under their attachment, against such amount.

But there are two objections to this view: (1.) There were no such relations between the respondents and Darling as authorized the respondents to draw the draft on Darling. Darling was the agent and the consignee of Thacher and not of the respondents. He was responsible to Thacher and not to the respondents. The respondents could look to Thacher alone for the proceeds of the consignment. A request by the respondents to Darling to appropriate a part of the proceeds in a particular way imposed no liability on Darling to do so. The drawing of the draft on Darling and its presentation to him were ineffectual to bind him to respond to the holder of the draft. This being so, the fact that he advised Thacher of the existence of the draft cannot be regarded as binding Thacher to respond to the holder of the draft. There was no draft drawn on Thacher to support any notice to Thacher, and all the notice that Thacher had was in respect to a draft which was drawn on a party who was not liable to respond to the drawers of the draft.

(2.) There was no assent by Darling, much less by Thacher, to the assignment of so much of the proceeds as the draft purported to cover. Whatever may be the law in some of the states, it is the law of the courts of the United States, that, where an order is drawn, either on a general or a particular fund, for a part only, it does not amount to an assignment of that part, or give a lien as against the drawee, unless he consents to the appropriation by an acceptance of the draft, or an obligation to accept may be fairly implied. Mandeville v. Welch, 5 Wheat. [18 U. S.] 277, 286. The reason assigned for this principle is, that a creditor shall not be permitted to split up a single cause of action into many actions, without the assent of his debtor, since it may subject him to many embarrassments and responsibilities not contemplated in his original contract; that he has a right to stand upon the singleness of his original contract, and to decline any legal or equitable assignments by which it may be broken into fragments: and that. when he undertakes to pay an integral sum to his creditor, it is no part of his contract that he shall be obliged to pay in fractions to any other persons. 3 Hare & W. Lead. Cas. 355, 356; 1 Pars. Notes & B. 331, 334.

In this case. there was no assent by Darling, so that, even if the consignment had been made by the respondents to Darling, so as to authorize the drawing of the draft on

Darling, the presentation of it to Darling would have created no liability on his part to respond to its holder. Nor did Thacher in any way make himself liable to Husted & Brownson, or to the holder of the draft, or to any other person, by any assent or promise, so that he could be held to account to any other person than the respondents for the amount of money covered by the draft. That amount came into his hands, on being sent to him by Darling, unincumbered by any appropriation or assignment which could bind it, or could bind him in respect to it, and the moment it came into his hands it became subject to the attachment in this suit, his advances being reimbursed otherwise. The attachment was served on him before he received the amount which he afterwards paid on the draft.

It follows, that the libellants have a right to have the $1,259.49 as well as the $88.67 applied towards the payment of the amount due to them by the respondents, and a decree will be entered to that effect, and confirming the report of the commissioner finding the amount due to the libellants. Thacher must also pay so much of the costs of this suit as have been caused by his defence thereto.

This decision was affirmed by the circuit court, on appeal. [Case unreported.]